WILLIE MEYER V. THE STATE.

No. 9721.  Delivered January 20, 1926.

1.—Netting Fish—Bill of Exception—Incomplete—Not Considered—Rule Stated.

Where, on a trial for setting a net for the purpose of catching fish, appellant complains in several bills of exception of the court's refusal to quash the information, and such bills are defective, we are not authorized to consider same on account of the well established rule heretofore stated by this court in Branch's P. C., Sec. 207, pages 131-33.

2.—Same—Evidence—Held, Sufficient.

Where a jury is waived, and a cause in the county court is submitted to the court, his finding against appellant cannot be disturbed by us if the evidence makes out a case. The testimony of the State having

established that the appellant, about the 5th day of March, 1924, was fishing in the Aransas river, and had a net set therein, as alleged in the information, and no evidence to the contrary having been introduced by appellant, the cause must be affirmed.

Appeal from the County Court of Refugio County. Tried below before the Hon. J. Turner Vance, Judge.

Appeal from a conviction for setting a net for the purpose of catching fish, penalty a fine of $25.00.

The opinion states the case.

*H. S. Bonham,* of Beeville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the County Court of Refugio County of unlawfully setting a net for the purpose of catching fish, on or about the 6th day of March, 1924, in the Aransas river, and his punishment assessed at a fine of $25.00.

The record discloses that the appellant was charged by complaint and information under Art. 932q, Vernon's Penal Code, which is as follows:

"It shall be unlawful for any person . . . to set any net in the public fresh waters of this State during the months of March and April . . . And any person who shall set any net for the purpose of catching fish in the fresh public waters of the State . . . during the months of March and April, shall be deemed guilty of a misdemeanor and on conviction shall be fined in a sum of not less than twenty-five dollars, and not more than one hundred dollars."

The appellant waived a jury, and submitted his case to the court, who upon hearing the evidence, assessed the punishment as above stated.

There are several bills of exceptions in the record, the greater portion of which complain of the action of the court in refusing to quash the information herein. After a careful examination of them, we find that they are defective, and we are, therefore, unauthorized to consider same on account of the well established rule heretofore stated by this court in Branch's Penal Code, Sec. 207, pp. 131-33, that the bills themselves must show the errors complained of. The authorities are so numerous, and the rule so well established now, that citation of authorities are unnecessary.

The testimony of the State explicitly shows that the appellant about the 5th day of March, 1924, was fishing in the Aransas river, and had a net set therein, as alleged in the information. The appellant failed to testify or produce any testimony in his own behalf, and there was no issue raised by him tending to contradict the testimony of the State in this particular. The court having heard the testimony and from it determined the guilt of the appellant, we find nothing in the record which would authorize us to interfere with the action of the trial court, and the judgment is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been approved by the Court of Criminal Appeals.